

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### Nos. PD-1661-08 & PD-1662-08

### EDUARDO GUERRERO, Appellant

### v.

### THE STATE OF TEXAS

## ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTH COURT OF APPEALS
## BEXAR COUNTY

**HOLCOMB, J., filed a dissenting opinion, in which MEYERS and JOHNSON, JJ., joined.**

A defendant suffers multiple punishments in violation of the Double Jeopardy Clause when he is convicted of, and punished for, more offenses than the Legislature intended. *Ervin v. State*, 991 S.W.2d 804, 807 (Tex.Crim.App. 1999).

The State prosecuted Eduardo Guerrero for, and a Bexar County jury found him guilty of, both manufacturing and possessing with intent to deliver a single quantity of methamphetamine in a single place at a single point in time. Texas Health and Safety Code § 481.112(a), the statute under

which Mr. Guerrero was convicted, provides that a person commits an offense if the person knowingly "manufactures," "possesses with intent to deliver," or "delivers" a quantity of methamphetamine. Section 481.002, in turn, defines the terms "manufacture," "possession," and "deliver." Given all of this,

> "there are at least five ways to commit an offense under Section 481.112: through knowing 1) manufacture; 2) an offer to sell; or 3) possession with intent to deliver; or through knowing delivery by 4) actual transfer; or 5) constructive transfer. All of these methods are points along a continuum in the line of drug distribution, from its manufacture until its physical delivery to the ultimate consumer. Thus, no matter where the actor and his [quantity of controlled substance] is apprehended along that continuum, the actor may be prosecuted under Section 481.112." *Lopez v. State*, 108 S.W.3d 293, 297 (Tex.Crim.App. 2003) (footnote omitted).

Furthermore,

> "[t]he penalty is the same no matter where along the continuum the defendant is stopped. But the penalty increases depending upon the quantity of the drugs manufactured, delivered, or possessed with the intent to deliver. So the legislature's focus seems to be upon the amount of the drugs involved, not upon any distinction between whether they were manufactured, delivered, or possessed with the intent to deliver. This would indicate that the legislative intent was to treat the proscribed behavior as alternative means of committing a single offense with ever-increasing penalties–regardless of the specific act involved–for ever-greater amounts of the specified drug. In sum, the focus of section 481.112 indicates a legislative intent to punish a single act with a single punishment. . . . Thus, [the] double jeopardy [clause] would prohibit multiple punishments for a single act of manufacturing or possessing with intent to deliver [a single quantity of] methamphetamine at a single point in time." *Guerrero v. State*, ___ S.W.3d___, ___ (Tex.Crim.App.___) (Cochran, J., concurring), slip op. at 6-7.

Accordingly, my view is that the Legislature intended that the manufacture of a single quantity of methamphetamine and the simultaneous possession of that methamphetamine with intent to deliver it to someone else would constitute but one violation of § 481.112(a), for which there could be but one conviction and one punishment. Given the evidence in this case and given the apparent legislative intent underlying § 481.112(a), the Double Jeopardy Clause prohibits inflicting

more than one conviction and punishment on Mr. Guerrero.  I would, therefore, affirm the judgment

of the court of appeals.  Because the majority does not do so, I respectfully dissent.


FILED DECEMBER 9, 2009

PUBLISH